PER CURIAM.
Relators herein object to an “Amendment to the Pre Trial Order”, which was placed in the record by order of the trial judge. The pre-trial order reads as follows :
“The pre-trial order of October 7, 1969 is hereby amended to read as follows:
“1. The question of whether or not Arlene Babineaux was the actual or putative wife of Cecyl Babineaux and the question of whether or not the children mentioned in the original petition are the legal or putative children of the union between Cecyl Babineaux and Arlene Babineaux are matters which already have been adjudicated by this court after an evidentiary hearing. The ruling of the court as to these questions is now the law of the case. These questions are not to be urged before the jury and no evidence as to these questions will be presented or attempted to be presented to the jury. There is reserved to the defendants the right to reurge these questions to the court on the condition that defendants meet all of the requirements of the law in such instances.
“2. No evidence as to the reputation of Arlene Babineaux as a good or bad wife, faithful or unfaithful to Cecyl Babi-neaux will be admitted during the trial of this case and no attempt to introduce such evidence in the presence of the jury shall be made. There is reserved however to the defendants to show specific acts of infidelity, if any, on the part of Arlene Babineaux during the conjugal relationship between her and Cecyl Bab-ineaux up to the time of his death and for a period of time thereafter not to exceed three to four weeks; otherwise, no such evidence shall be admissible.
“3. No evidence will be admissible nor will an attempt to introduce such evidence to the jury be made concerning the question of whether or not Arlene Bab-ineaux ever abandoned any of the children mentioned in this lawsuit or any other children.”
We think the better practice in jury cases is to permit the jury to resolve all factual issues presented. However, in this case, defendant has submitted the question of Mrs. Babineaux’s capacity to the trial judge, and evidence on that point might properly be excluded by the judge during the trial. Relators’ remedy is by appeal from the final judgment.
We think the judge would be in error in excluding evidence as to Mrs. Babi-neaux’s reputation as a good or bad wife. Such evidence is relevant on the question of quantum. Evidence as to abandonment of her children would not be relevant.
On the general question of the propriety of the amendment to the pre-trial order, we are of the opinion that it goes beyond the scope of the pre-trial conference as delineated in Article 1551 of the Code of Civil Procedure, which provides, in part, as follows:
“The court shall render an order which recites the action taken at the conference, the amendments allowed to the pleadings, and the agreements made by the parties as to any of the matters considered, and which limits the issues for trial to those not disposed of by admissions or agreements of counsel. Such order controls the subsequent course of the action, unless modified at the trial to prevent manifest injustice.”
Since the issues covered by the amendment are not disposed of by “admissions or agreements of counsel”, they are not the proper subject for a pre-trial order. These matters may properly be ruled on by the trial judge during the course of *866 the trial, and the propriety of such rulings reviewed on appeal.
Accordingly it is ordered that an alternative writ of mandamus issue, directing the Honorable Donovan W. Parker, Judge of the 19th Judicial District Court for the Parish of East Baton Rouge, to rescind the said “Amendment to the Pre-trial Order”, or to show cause to the contrary, by briefs, on the 30th day of Jan., 1970.
If the latter course be elected, it is ordered that a writ of certiorari issue to the Clerk of the 19th Judicial District Court, ordering him to forward the record in this case to this court forthwith.